FILED
United States Court of Appeals
Tenth Circuit

May 11, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDDIE WALLACE,

  Petitioner-Appellant,

v.

MICHAEL K. ADDISON, Warden,
Joseph Harp Correctional Center,

  Respondent-Appellee.

No. 15-6007

(D.C. No. 14-CV-1245-D)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **BALDOCK** and **TYMKOVICH,** Circuit Judges.

Petitioner Eddie Wallace, an Oklahoma state inmate appearing pro se, unsuccessfully sought a writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2241. Petitioner had been placed in disciplinary segregation for 30 days and lost 365 days of earned credits after a correctional officer, during a search, witnessed Petitioner eliminate a cell phone from his rectum and flush it down the toilet. Petitioner claimed he was denied due process at the subsequent prison disciplinary proceeding because, in contradiction to the officer's attestation, a fellow inmate present at the search stated he did not see Petitioner in possession of a cell

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

phone. Now before us is Petitioner's application for a certificate of appealability. See Montez v. McKinna, 208 F.3d 862, 868–69 (10th Cir. 2000) (holding the appeal of the denial of a § 2241 petition requires issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)).

A magistrate judge prepared a "Supplemental Report and Recommendation" in which he recommended that the petition be denied. The district court adopted the R&R in its entirety. Among other authorities, the R&R relied on Superintendent v. Hill, 472 U.S. 445 (1984). In Hill, prison officials charged two inmates with assaulting another inmate. A prison guard reported that he found the victim on a walkway bleeding from the mouth and suffering from a swollen eye. Dirt was strewn about the walkway. Three inmates, including the two charged, were "jogging away together down the walkway." Id. at 447. No other inmates were in the vicinity. The two inmates declared their innocence before the disciplinary board and the victim gave a written statement that the two had *not* caused his injuries. Notwithstanding, the board found both inmates responsible for the assault. The two lost 100 days of earned credit and spent 15 days in isolation.

The Supreme Court upheld the sanctions, holding that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Id. at 455.

> The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be *some*

evidence to support the findings made in the disciplinary hearing. Although the evidence in this case might be characterized as meager, and there was not direct evidence identifying any one of three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

Id. at 457 (emphasis added).

A certificate of appealability is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2252(c)(2). Given the Supreme Court's decision in Hill and the correctional officer's report in this case that he did *in fact* witness Petitioner in possession of a cell phone in violation of prison regulations, Petitioner cannot make that showing.

Accordingly, Petitioner's application for a certificate of appealability is hereby DENIED and his appeal DISMISSED. Petitioner's application to proceed on appeal in forma pauperis is DENIED as moot.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

3